IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:09-CR-211-ORL-18-GJK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAMON CENDANA,
    a/k/a Ray Cendana

    Defendant.
_____/

### RAMON CENDANA'S SENTENCING MEMORANDUM

The Defendant, RAMON CENDANA, a/k/a Ray Cendana, by and through his undersigned attorney, hereby files this Sentencing Memorandum in which he asks the court to exercise its jurisdiction under ***United States v. Booker***, 125 S. Ct. 738 (2005), and ***Gall v. United States***, 128 S. Ct. 586 (2007), and impose a reasonable sentence and the conditions of any supervised release.  In support of this request, Mr. Cendana states the following:

### Facts

Beginning in 2006, Ramon Cendana was involved in various investment situations involving real estate and development in the Central Florida area.  These included the Oyshee Japanese Steakhouse, Cameo Investment Group, Cameo Mortgage LLC, and various other organizations in which he was involved.

Up until October of 2008, the companies Mr. Cendana was involved in made real estate investments and developed a Japanese Steakhouse.  During that time many people, who are listed as the victims in this case, loaned monies to Cameo Investment

Group, LLC, or Mr. Cendana individually, and took equity positions or managerial positions in several corporations which were involved in the investments.

What the United States government and Presentence Investigation Report have described as investments were actually loans evidenced by specific promissory notes executed by individuals. Ramon Cendana was charged in a ten count indictment and has pled guilty to one of the counts in the indictment, to-wit: the commission of wire fraud, involving Angelica Macatangay and Raul Macatangay. As to the information contained in the Presentence Investigation Report concerning what occurred with those two individuals, the Defendant, Ramon Cendana, takes no exception. Mr. Cendana is scheduled to be sentenced on April 28, 2010.

The applicable law and sentencing guidelines are no longer mandatory but merely advisory, ***United States v. Booker***, 543 U.S. 220, 125 S. Ct. 738 (2005). While under the terms of the Sentencing Agreement, the government has agreed to recommend that the Defendant receive a sentence at the low end of the applicable guidelines, the issue in this case is what are the applicable sentencing guidelines. In its Presentence Investigation Report, the Department of Probation has listed several acts which they conclude are fraudulent.

In referring to the Presentence Investigation Report, the first incident in which it is alleged that fraud took place involves Hermino and Margarita Rodriguez in the amount of $258,394.00, part of which was a $75,000.00 flexible credit line, which the alleged victims state they had no knowledge of. As shown by documents which are being contemporaneously filed with the court, both of these individuals were members of the Cameo Investment Group and were in fact managing members of that company.

The next alleged victim is Jose Melendez. Again, it is alleged that he lost over $229,000.00, which included another $75,000.00 flexible credit line, which it is alleged was obtained without Jose Melendez' knowledge. The Defendant disputes this and further would show that in the documents filed here contemporaneously that again Jose Melendez was a managing member of the Cameo Investment Group.

The Presentence Investigation Report also identifies some $68,000.00 lost by family members, Ranier and Janice Cendana, without their knowledge or approval. It is clear from he documents which are being filed with the court that Ranier and Janice Cendana had given full powers of attorney to the Defendant to obtain such encumbrances and financing to enable to company to pay investments. The same is true of the victims identified in paragraph 14 of the Presentence Investigation Report, Rogelio and Nicole Cendana.

Documents have also been filed with the court showing that on the $800,000.00 loan from Regions Bank that the Defendant, the investment group, and the previous land owner had all signed off on the loan to Regions Bank. Other individuals' credit was used to obtain the loan. Again, the Defendant submits these people were aware of it but in any event there is no $800,000.00 loss to Regions Bank, as they have a viable mortgage on a property that is already listed for sale and the value of the property grossly exceeds any loan. The Defendant has freely admitted and stated in his plea agreement that he improperly and illegally took the funds the Macatangays.

The Defendant also disputes that he obtained $210,000.00 from Angel Rodriguez under fraudulent circumstances or $20,000.00 from George Seckinger or $60,000.00 from Mario Granada, under fraudulent pretenses.

3

The position taken in the Presentence Investigation Report alleges that Cendana was responsible for a total loss of at least $1,973,972.72. The Defendant disputes this on the following grounds, there was no intent on anybody's part for Regions Bank to lose $800,000.00. In fact, he has continued to work with Regions Bank and has listed the property for sale so that Regions Bank receives their $800,000.00 mortgage. The property value grossly exceeds $800,000.00 and there can be no intent to deprive Regions Bank of any such sums. Assuming all the figures given by the government are correct, the loss amount should include only those sums that were procured by fraud, not sums that were evidenced by promissory notes that were defaulted on when the real estate market crashed. At worse, it should include the two $75,000.00 credit lines, the $52,709.51 lost by Raul Macatangay, the $189,703.84 lost by Angelica Macatangay, and if the court considers the home equity lines of credit for the Cendanas were done outside the powers of attorney, another $108,000.00 for that. This would be a loss of approximately $500,000.00 and the Defendant even disputes part of that as a loss. Mere statements that other people lost money under fraudulent circumstances when there was no evidence or proof before this court is insufficient to justify any sort of total intended loss of $1,973,972.72. The reason this is important is that it goes to the offense computation . There is no dispute that the base level should be 7, but it is disputed that the offense involved the total loss as set forth by the government. The Defendant respectfully submits that the losses actually caused by illegal acts should under USSG § 2B1.1(b)(1)g increase the level by 12, not 16.

The Defendant also submits that there were not ten or more victims involved in this situation and a two level increase under USSG §2B.1(b)2(a) is inappropriate. The

Defendant also submits that this matter did not involve sophisticated means and two level increase is not warranted under USSG §2B.1(b)(9)c, nor as set forth in paragraph 32 of the Presentence Investigation Report was more than a $1,000,000.00 in gross receipts received from financial institutions as a result of the offense which was pled to and if probation is trying to argue that the $800,000.00 should be included, that has been previously addressed.

As found in the Presentence Investigation Report under paragraph 34, the Defendant is aware that the court may find that this was an abuse of trust as to his cousins.  That matter will be left to the court, but the Defendant does not believe that the actions of the Defendant arise to the violation of an abuse of position of private trust as set forth in the commentary under USSG §3B.1.3.

Based on the foregoing, the Defendant believes the adjusted offense level should be 19 to 21, depending on the court's position on the abuse of trust and that with a three level downward departure based upon acceptance of responsibility and assistance, that the total offense level should be 16 to 18.

While a 16 to 18 level places the Defendant in a zone D for the purposes of sentencing, it significantly lowers the range of the sentence from that set forth in the Presentence Investigation Report.  The Defendant will be making a statement at the time of the sentencing to explain further his position on some of the issues set forth in the Presentence Investigation Report.

    Respectfully submitted,

    s/*R. Lee Dorough*
    R. LEE DOROUGH
    Florida Bar No.: 251380

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 23, 2010, undersigned electronically filed the foregoing Ramon Cendana's Sentencing Memorandum with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to the following: Assistant United States Attorney Daniel Irick, at daniel.irick@usdoj.gov.

    R. LEE DOROUGH
    Florida Bar No.: 251380
    **DOROUGH CALZADA & SOTO, LLP**
    419 N. Magnolia Avenue
    Orlando, FL 32801
    Telephone:   (407) 843-2223
    Facsimile:   (407) 648-4047
    E-mail: rleedorough@yahoo.com
    Attorney for Defendant